UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas John Skinner, on behalf of himself and other individuals similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GfK Custom Research North America, GfK Custom Research, LLC,<br><br>Defendants. | Court File No. 08-1472 (PJS/JJG)<br><br>**STIPULATION FOR SETTLEMENT** |

This Stipulation for Settlement (the "Stipulation") is entered into between Plaintiff Thomas J. Skinner ("Plaintiff"), through his attorneys, Halunen & Associates ("Halunen"), and GfK Custom Research, LLC., its division GfK Custom Research North America, and any and all of their owners, officers, directors, employees, predecessors or successors, divisions, subsidiaries, and affiliates (collectively, "GfK"), through their attorneys, Littler Mendelson, P.C. ("Littler").

**I.    STIPULATED RECITALS.**

**A.**    On May 30, 2008, Skinner filed a Complaint (Dkt. No. 1) in the United States District Court for the District of Minnesota, alleging that GfK had violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.24, *et. seq.*, and asserting a common law claim of unjust enrichment based on the same common core of allegations, thereby commencing a civil lawsuit presently pending in this Court and titled *Thomas J. Skinner v GfK Custom Research North America, et. al.,* Court File No. 08-1472 (PJS/JJG) ("the Lawsuit").

**B.** The parties have engaged in discovery, including service and response to written discovery requests, including interrogatories and requests for production of documents. GfK produced documentation regarding the individual Plaintiff and the job duties of the position he held, GfK's payroll, employment, and training policies, and other matters relevant to the issues raised by the parties' pleadings and Plaintiff's employment as a Qualitative Specialist.

**C.** Both parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. The parties have engaged in negotiations directed towards settlement since February, 2009. The terms and conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length.

**D.** GfK denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. GfK contends that it has complied at all times with the FLSA and the Minnesota FLSA, that the claims alleged in the Complaint are not suitable for treatment as a collective action, and that its Qualitative and Quantitative Specialists are properly classified as exempt from the overtime requirements imposed by the FLSA. Nevertheless, GfK has entered into this Stipulation to avoid the cost and inconvenience of further litigation.

**E.** Plaintiff, GfK, and their respective counsel, stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Plaintiff. Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of GfK. Pursuant to Federal

Rule of Evidence 408, this Stipulation shall not be admissible in evidence in any proceeding; except that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by GfK to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## II. DISMISSAL OF THE LAWSUIT WITH PREJUDICE.

Pursuant to the terms and conditions of this Stipulation, Plaintiff agrees that his claims alleged in the Lawsuit may and should be dismissed by the Court with prejudice. The parties will be responsible for their own costs and attorneys' fees except as otherwise provided in this Stipulation.

## III. SETTLEMENT CONSIDERATION.

**A.** In exchange for: (1) the dismissal of the Lawsuit described in Section II; (2) Plaintiff's execution of Settlement Approval and Release of claims as described in Section V; and (3) otherwise subject to the terms and conditions of this Stipulation, GfK agrees to pay Plaintiff the total aggregate sum of Twelve Thousand Dollars ($12,000) ("the Settlement Amount"), inclusive of Plaintiff's attorneys' fees and costs, to resolve the Settled Claims, as further defined in Section V below.

**B.** The parties agree that the Settlement Amount shall be allocated as follows:

    **1.** Plaintiff shall be allocated Two Thousand dollars ($2,000) of the Settlement Amount, as W-2 wages ("the W-2 Wages Portion"). GfK shall deduct all applicable withholding taxes and other amounts

required by law from the sum allocated to Plaintiff ("the Withholding Amount"), and GfK will issue a W-2 form to Plaintiff reflecting payment of the W-2 Wages Portion of the Settlement Amount.

  **2.** Consistent with the fee agreement entered into between Halunen and the Plaintiff, Halunen shall be allocated the total sum of Ten Thousand dollars ($10,000) for Plaintiff's legal fees and costs as Form 1099 income ("Plaintiff's Legal Costs and Fees"). GfK shall issue as Form 1099 to Halunen, Tax ID No. 20-0917296, reflecting this payment.

 **C.** Plaintiff shall be solely responsible for payment of any and all federal, state and local taxes due on the amounts payable under this Stipulation, with the sole exception of GfK's statutory tax obligation under FUTA/FICA, and Plaintiff will indemnify, defend, and hold GfK harmless from and against any and all costs, interest, liability or penalties relating to such taxes or penalties. Plaintiff agrees to provide GfK with his last known mailing address in order to facilitate delivery of appropriate tax-related notices.

 **D.** GfK shall make payment of the Settlement Amount, in accordance with the provisions of Section III.B of this Stipulation, by delivery of two (2) settlement checks in the amounts described above to Halunen, within fourteen (14) days following the Court's entry of Final Judgment of Dismissal.

**IV.   CONDITIONS PRECEDENT TO EFFECTIVENESS OF THIS STIPULATION.**

   **A.**   This Stipulation shall become final and effective only upon the Court's entry of an Order granting final approval of the Stipulation and entering a Final Judgment of Dismissal.

**V.   WAIVER AND RELEASE OF CLAIMS AND COVENANT NOT TO SUE.**

   As a material inducement to GfK to enter into this Stipulation, and in consideration of GfK's promise to make the payments set forth in Section III of this Stipulation, Plaintiff has executed a Settlement Approval and Release Form ("Release") that releases all claims asserted in the Lawsuit; all claims involving and/or relating to alleged unpaid overtime or regular wages under federal and state law, including the FLSA and Minnesota Fair Labor Standards Act, as well as claims involving and/or relating to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods, failure maintain proper records; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorneys' fees, for failure to pay all monies due for hours worked ("the Settled Claims"). Pursuant to the Release, Plaintiff further covenants and agrees not to sue or bring any judicial action, whether federal or state, now or at any future time, against GfK with respect to any Settled Claim.

**VI.   EFFECTUATION OF SETTLEMENT; PROCEDURES.**

   The parties' counsel shall jointly file a Motion for Judicial Approval of Settlement

with the Court, the Honorable Patrick J. Schiltz presiding, based upon the terms and conditions set forth in this Stipulation, requesting that the Court issue an Order as to the fairness of the proposed terms of the Stipulation and the Settlement Amount, and to issue an Order for the entry of a Final Judgment of Dismissal, thereby dismissing the Lawsuit with prejudice.  The Parties do not believe a hearing on the Joint Motion is required.

    **A.**    GfK shall make payment of the Settlement Amount, as provided in Section III.D of this Stipulation.

### VII. REPRESENTATIONS OF COUNSEL.

    **A.**    Halunen represents and warrants that, within two weeks of the entry of Final Judgment of Dismissal of the Lawsuit, it will destroy all documents produced by GfK or return said documents to GfK's counsel, including all electronic data, unless such documents or data were attached to pleadings, memoranda, or other papers filed with the Court..

    **B.**    Plaintiff, GfK, and both parties' counsel further agree that they will not hold press conferences or otherwise affirmatively bring information regarding the settlement described in this Stipulation to the attention of the media.

### VIII. MISCELLANEOUS PROVISIONS.

    **A.**    The parties and their respective counsel agree that this Stipulation and its terms will be regarded as privileged and confidential communications between the parties except to the extent that its approval requires submission to the Court, and neither they nor their counsel will reveal or disclose either the terms, the substance, or the existence of the Stipulation to any other person, except as required by this Stipulation and other legal

process. This restriction applies to any member of the public and to any current, future or former employee of GfK. If disclosure is compelled by legal process, the party so compelled agrees to notify the other party as soon as notice of such process is received and before disclosure takes place. Notwithstanding these provisions, Plaintiff may disclose the terms of this settlement to his spouse, certified accountant or financial advisor, upon those individuals agreeing to maintain this the terms of settlement in strict confidence, as set forth in this section. Further, nothing in this section limits GfK's ability to disclose information contained in the Stipulation to those persons within its employ with a legitimate business reason to have access to the information. If any party or counsel is asked the status of the matter, he, she or it shall reply that "the matter has been resolved."

      **B.** This Stipulation and compliance with this Stipulation shall not be construed as an admission by GfK of any liability or wrongdoing whatsoever, or as an admission by GfK of any violation of any Plaintiff's rights or the rights of any other person, or as a violation of any order, law, statute, duty or contract whatsoever as to any Plaintiff or any person. GfK specifically disclaims any liability to Plaintiff or any other person for any alleged violation of Plaintiff's rights, or the rights of any other person, or for any alleged violation of any order, law, statute, duty or contract by GfK.

      **C.** The validity of this Stipulation and any of its provisions and conditions, as well as the rights and duties of the parties, shall be interpreted and construed pursuant to and in accordance with the internal laws, and not the law of conflicts, of the State of Minnesota, except to the extent otherwise governed by the laws of the United States.

  **D.** No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of the Stipulation.

  **E.** To be effective, any amendment to this Stipulation must be made in writing and signed by counsel for the parties.

Date: April 2, 2009

     s/ Charles V. Firth
     Charles V. Firth (#0257825)
     Clayton D. Halunen (#219721)
     **HALUNEN & ASSOCIATES**
     1650 IDS Center
     80 South Eighth Street
     Minneapolis, MN 55402
     Telephone: 612.605.4098
     Facsimile: 612.605.4099

     **ATTORNEYS FOR PLAINTIFFS**

Date: April 2, 2009

     s/ Noah G. Lipschultz
     George R. Wood (#0166017)
     Noah G. Lipschultz (#0387308)
     **LITTLER MENDELSON, P.C.**
     1300 IDS Center
     80 South Eighth Street
     Minneapolis, MN  55402.2136
     Telephone: 612.630.1000
     Facsimile:  612.630.9626

     **ATTORNEYS FOR DEFENDANTS**

Firmwide:88853533.1 052320.1008